UNITED STATES DISTRICT COURT
EASTERN DIVISION OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERNEST BATTLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | No.  4:03CV01662 CEJ |
| ) | (FRB) |
| ) | |
| v. ) | |
| ) | |
| ) | |
| STATE OF MISSOURI,[1] ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Presently before this Court is the pro se petition of Missouri State prisoner Ernest Battle ("petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 4-1.) All pretrial matters have been referred to the undersigned United States Magistrate Judge for appropriate disposition pursuant to 28 U.S.C. § 636(b).

On April 2, 1998, following a jury trial in the Circuit Court of the City of St. Louis, petitioner was convicted of murder in the first degree and armed criminal action, stemming from the shooting death of Mr. Jamel Simmons. (Resp. Exh. A, 304-305.) On May 1, 1998, the Honorable Sherri B. Sullivan sentenced petitioner as a prior and persistent offender to two consecutive terms of life

---

[1]Dave Dormire is the proper party respondent, because he is the state officer who has custody of petitioner. 28 U.S.C. § 2254, Rule 2(a).

in prison without the possibility of parole. (Resp. Exh. A, 305-317.) At present, petitioner is incarcerated in the Missouri State Penitentiary located in Jefferson City.

Following his conviction and sentence, petitioner filed a timely appeal with the Missouri Court of Appeals for the Eastern District of Missouri. (Resp. Exh. C.) Petitioner's sole point on appeal was that the trial court erred when it overruled his objection to a portion of the state's closing argument that he contended was an impermissible comment on his right not to testify.[2] (Resp. Exh. C; Resp. Exh. E.) On June 22, 1999, the Missouri Court of Appeals affirmed petitioner's conviction and sentence. State v. Battle, 998 S.W.2d 112 (Mo. Ct. App. 1999); (Resp. Exh. E.)

On November 29, 1999, petitioner filed a timely pro se post-conviction motion and request for an evidentiary hearing pursuant to Missouri Supreme Court Rule 29.15. (Resp. Exh. F, 1-10; 13-15.) In his pro se motion, petitioner alleged that the evidence at trial was insufficient to sustain his conviction of murder in the first degree; that trial counsel was ineffective because she failed to interview witnesses and to investigate and impeach the testimony of the state's witnesses; and that the trial court erred when it refused to allow the submission of the lesser

---

[2]The prosecuting attorney, during closing argument, stated that the state's evidence was "uncontroverted, unrefuted and undenied." (Resp. Exh. A at 261-62.)

included offenses of voluntary and involuntary manslaughter. (Resp. Exh. F, 1-10.) On November 29, 2000, appointed counsel entered an appearance on petitioner's behalf, and on February 16, 2000, filed an amended Rule 29.15 motion and request for evidentiary hearing. (Resp. Exh. F, 16-28.) In his amended post-conviction motion, petitioner alleged only that his trial attorney was ineffective for failing to advise him that, if he chose not to testify, the prosecutor would be able to argue to the jury that the state's evidence was "uncontradicted, unrefuted and undenied." (Resp. Exh. F, 20-28.) On November 7, 2001, the Missouri Circuit Court for the City of St. Louis denied petitioner's post-conviction motion. (Resp. Exh. F, 29-32.)

On December 17, 2001, petitioner appealed the denial of his post-conviction motion to the Missouri Court of Appeals, Eastern District. (Resp. Exh. F, 35-38; Resp. Exh. G.) Petitioner's sole point on appeal was that his trial counsel was ineffective for failing to advise him that, if he did not testify, the state would be able to argue to the jury that the state's evidence was "uncontradicted, unrefuted and undenied." (Resp. Exh. G.) The court affirmed the motion court's denial of petitioner's motion on January 14, 2003. State v. Battle, 93 S.W.3d 854 (Mo. Ct. App. 2003); (Resp. Exh. I.)

On November 18, 2003, petitioner filed the instant petition for writ of habeas corpus, wherein he raises two grounds for relief:

> (1) That his trial attorney was ineffective for failing to impeach witness statements; failing to oppose the state for not including a lesser offense charge; failing to note conflicts between witness testimony and that of the medical examiner; and failure to challenge the state's introduction of shell casings as evidence against petitioner; and
>
> (2) That his post-conviction attorney cited only one claim to the Missouri Court of Appeals, and failed to include other issues that were pertinent to petitioner during trial.

## I. **Non-Cognizable Claim**

In Ground two, petitioner claims entitlement to federal habeas corpus relief because his post-conviction attorney was ineffective when she asserted only one claim to the Missouri Court of Appeals, and failed to raise other issues that were pertinent to petitioner during trial.

Federal habeas relief is available to a state prisoner only on the ground that he is in custody in violation of a constitutional or federal statutory right. Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990); 28 U.S.C. § 2254(a). Claims that do not rise to the level of "constitutional magnitude" cannot be addressed in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Carter v. Armontrout, 929 F.2d 1294, 1296 (8th Cir. 1991). There is no constitutional right to an attorney in state post-conviction proceedings. Coleman v. Thompson, 501 U.S. 722, 750 (1991); citing Pennsylvania v. Finley,

481 U.S. 551 (1987). A petitioner cannot, therefore, claim that he received constitutionally ineffective assistance of counsel in such proceedings. Coleman, 501 U.S. at 750, citing Wainwright v. Torna, 455 U.S. 586 (1982) (where there is no constitutional right to counsel, there can be no claim of deprivation of effective assistance).[3]

Petitioner's instant claim that his post-conviction attorney cited only one claim to the Missouri Court of Appeals and failed to include other issues does not challenge his conviction or sentence; it challenges the effectiveness of his post-conviction attorney. Because there is no federal constitutional right to effective assistance of post-conviction counsel, petitioner's claim that he received ineffective assistance of post-conviction counsel does not state a ground for relief in federal habeas corpus. Coleman, 501 U.S. at 750; Torna, 455 U.S. at 587-88. The claim raised in Ground two of the instant petition is therefore not cognizable in these proceedings, and should be denied.

## II. Cognizable Claim

In Ground one, petitioner appears to allege a claim of constitutional magnitude. This claim is cognizable and thus may be

---

[3]Similarly, to the extent that petitioner's second ground for relief can be read as an attack on his post-conviction proceedings in general, his claim is not cognizable. The U.S. Constitution does not require states to provide avenues for collateral attack of criminal convictions. Finley, 481 U.S. at 556-57. A claim related to alleged infirmities in petitioner's post-conviction proceedings does not, therefore, raise a constitutional issue cognizable in a federal habeas petition. Williams-Bey, 894 F.2d at 317, citing Williams v. State of Missouri, 640 F.2d 140, 143 (8th Cir. 1981).

- 5 -

addressed by this Court. See Carter, 929 F.2d at 1296.

A. Exhaustion Analysis

Before this Court may grant relief on the merits of a petition for a writ of habeas corpus, a petitioner must first exhaust his state law remedies. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). This exhaustion requirement is satisfied if a petitioner has fairly presented his claims first in state court, or if there are no currently available non-futile state remedies. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). The court must first examine whether the constitutional dimensions of Petitioner's claims have been fairly presented to the state court. Id. If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Id. If a petitioner satisfies the exhaustion requirement in this manner, the federal court still may not reach the merits of the petitioner's claim unless the petitioner: (1) demonstrates adequate cause to excuse his state court default, **and** actual prejudice resulting from the alleged unconstitutional error; or (2) that a fundamental miscarriage of justice would occur in the absence of federal review. Coleman, 501 U.S. at 750. A review of the record shows that the claims in petitioner's first ground for relief to be exhausted because he currently has no available non-futile state remedies.

B.  <u>Procedural Default</u>

In Ground one, petitioner alleges that his trial counsel was ineffective because she (1) failed to impeach witness statements; (2) failed to oppose the state for not including a lesser offense charge; (3) failed to note conflicts between witness testimony and that of the medical examiner; and (4) failed to challenge the state's introduction of shell casings as evidence at trial.  Petitioner did not raise any of these issues on direct appeal, in his amended post-conviction motion, or on appeal from the denial of that motion.

To avoid procedural default, a claim must be presented at each step of the judicial process in state court.  <u>Jolly</u>, 28 F.3d at 53.  Failure to present a claim on appeal from the denial of post-conviction relief constitutes a procedural default.  <u>Clay v. Bowersox</u>, 367 F.3d 993, 1005-06 (8th Cir. 2004); <u>Reese v. Delo</u>, 93 F.3d 1177, 1181 (8th Cir. 1996) (holding that failure to raise claim in post-conviction appeal is considered abandonment of claim).  Because petitioner failed to properly raise any of the claims in Ground one of his petition on direct appeal or on the denial of his post-conviction motion, they are procedurally defaulted, and this Court cannot reach the merits of the claims absent a showing of cause and prejudice, or a demonstration that "failure to consider the claims will result in a fundamental miscarriage of justice."  <u>Coleman</u>, 501 U.S. at 750.

In an attempt to establish cause for his default,

petitioner essentially asserts ineffective assistance of counsel based upon the failure of his attorneys to include issues in his appeals. Specifically, petitioner states as follows:

> My grounds of A & B were not entered into my appeals simply because my attorney's dont [sic] feel they were issues! But I begged them to include these issues.

(Docket No. 4 at page 5, ¶ 13.)

Petitioner's attempt to establish cause to excuse his procedural default fails. As respondent correctly notes in his responsive pleadings (Docket No. 9-1), it is well-established that any alleged ineffective assistance of post-conviction counsel in failing to raise a claim is insufficient as a matter of law to serve as cause for procedural default. Clay, 367 F.3d at 1005-06. As discussed, supra, there is no federal constitutional right to post-conviction counsel. Coleman, 501 U.S. at 752-54; Finley, 481 U.S. 551. Therefore, to the extent that petitioner argues that his post-conviction attorney's errors constitute cause to excuse his procedural default, petitioner's argument fails.

Petitioner's cause argument also fails because it alleges a different set of facts and theories than the ineffective assistance claim presented in state court. While the cause necessary to resuscitate a procedurally defaulted claim may include ineffective assistance of counsel, petitioner must have properly raised that same ineffectiveness claim in state court. Becht v. United States, 403 F.3d 541, 545 (8th Cir. 2005); Wemark v. Iowa,

322 F.3d 1018, 1021 (8th Cir. 2003) (In order to establish the cause necessary to avoid procedural default, a petitioner must raise the same factual grounds and legal theories in the state courts as those raised in the federal petition).  In his amended post-conviction motion and in his appeal from the denial of that motion, petitioner alleged that his trial counsel was ineffective for failing to advise him that, if he declined to testify on his own behalf, the prosecuting attorney would be permitted to argue to the jury that the state's evidence was "uncontroverted, unrefuted and undenied."  Here, petitioner asserts that his attorneys failed to argue issues on his behalf.  Because the instant claim is based on different facts and theories, it cannot serve here as cause to excuse procedural default.  See Williams v. Kemna, 311 F.3d 895, 897 (8th Cir. 2002).  Petitioner asserts no other grounds as cause for his procedural default, nor demonstrates prejudice resulting therefrom.

Finally, because petitioner has made no claim of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to showing cause and prejudice.  Schlup v. Delo, 513 U.S. 298, 314-15 (1995); Washington v. Delo, 51 F.3d 756, 761 (8th Cir. 1995); see also McCall v. Benson, 114 F.3d 754, 758 (8th Cir. 1997).

The claims raised in Ground one are, therefore, procedurally barred from review, and should be dismissed without consideration of their merits.  See Maynard v. Lockhart, 981 F.2d

322 F.3d 1018, 1021 (8th Cir. 2003) (In order to establish the cause necessary to avoid procedural default, a petitioner must raise the same factual grounds and legal theories in the state courts as those raised in the federal petition).  In his amended post-conviction motion and in his appeal from the denial of that motion, petitioner alleged that his trial counsel was ineffective for failing to advise him that, if he declined to testify on his own behalf, the prosecuting attorney would be permitted to argue to the jury that the state's evidence was "uncontroverted, unrefuted and undenied."  Here, petitioner asserts that his attorneys failed to argue issues on his behalf.  Because the instant claim is based on different facts and theories, it cannot serve here as cause to excuse procedural default.  See Williams v. Kemna, 311 F.3d 895, 897 (8th Cir. 2002).  Petitioner asserts no other grounds as cause for his procedural default, nor demonstrates prejudice resulting therefrom.

Finally, because petitioner has made no claim of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to showing cause and prejudice.  Schlup v. Delo, 513 U.S. 298, 314-15 (1995); Washington v. Delo, 51 F.3d 756, 761 (8th Cir. 1995); see also McCall v. Benson, 114 F.3d 754, 758 (8th Cir. 1997).

The claims raised in Ground one are, therefore, procedurally barred from review, and should be dismissed without consideration of their merits.  See Maynard v. Lockhart, 981 F.2d

981 (8th Cir. 1992).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Dave Dormire, Superintendent of the Missouri State Penitentiary, be substituted as the proper party respondent, because he is the state officer who has custody of petitioner. 28 U.S.C. § 2254, Rule 2(a).

**IT IS HEREBY RECOMMENDED** that petitioner Ernest Battle's petition for writ of habeas corpus (Docket No. 4) be dismissed without further proceedings.

The parties are advised that they have until March 12, 2007 to file written objections. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 257 (8th Cir. 1990).

/s/ Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of March, 2007.